IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIO CEASAR SEGURA, JR., | : | Civil No. 1:25-CV-01384 |
| Plaintiff, | : | |
| v. | : | |
| DR. LAUREL R. HARRY, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Presently before the court is a complaint filed by Julio Ceasar Segura, Jr. ("Plaintiff") bringing multiple constitutional challenges under the umbrella of 42 U.S.C. § 1983.  (Doc. 1.)  Plaintiff is a self-represented litigant and has applied to proceed *in forma pauperis*.  (Doc. 5.)  Plaintiff has also filed a motion to appoint counsel.  (Doc. 2.)  The court will grant Plaintiff's motion to proceed *in forma pauperis*, file the complaint, dismiss the complaint as duplicative, and close the action.

### BACKGROUND

On June 11, 2024, the court received and a complaint in Case No. 1:24-CV-00960-JPW-EW.  *Segura v. Pennsylvania Department of Corrections*, No. 1:24-CV-00960-JPW-EW (M.D. Pa.).  That complaint raised allegations under 42 U.S.C. § 1983, the Americans with Disabilities Act, and the Rehabilitation Act

1

premised on an alleged use of force against Plaintiff in August of 2023. That case is currently proceeding before the court.

On July 28, 2025, the court received and docketed Plaintiff's complaint in the above captioned action. (Doc. 1.) This complaint also addresses the same use of force incident as the incident at issue in the 2024 case. (*Id*.) However, this complaint names some new individuals as defendants. (*Id*.)

Along with the complaint, Plaintiff filed a motion to appoint counsel. (Doc. 2.) Following an administrative order from the court, Doc. 4, Plaintiff filed his motion to proceed *in forma pauperis* and a prisoner trust fund account statement. (Docs. 5, 6). The court will grant Plaintiff's motion to proceed *in forma pauperis* and screen the complaint.

## STANDARD

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted[.]" The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915 is identical to the legal standard used when ruling on Fed. R. Civ. P. 12(b)(6) motions to dismiss. *See Grayson v. Mayview State Hosp*., 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002).

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Under Rule 12(b)(6), the court must accept all well pleaded allegations as true and construe all reasonable inferences in favor of the nonmoving party. *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020).  The pleadings of self-represented plaintiffs are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d. Cir. 2011).  Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile.  *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

## DISCUSSION

Rule 42(a) of the Federal Rules of Civil Procedure states that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join

3

for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a).

The allegations set forth in both of Plaintiff's actions are similar if not identical, and several defendants are named in both actions. Since the actions contain common factors of law and fact and the court seeks to avoid unnecessary cost or delay, the court will dismiss this action in its entirety. Should Plaintiff wish to add additional defendants in Case No. 1:24-CV-00960-JPW-EW, he may file a motion to amend the complaint in that action pursuant to Fed. R. Civ. P. 15 and Local Rule 15.1.

## CONCLUSION

The court will grant Plaintiff's motion to proceed *in forma pauperis* and screen the complaint. Because this action is duplicative of Case No. 1:24-CV-00960-JPW-EW, the court will dismiss the complaint and close the case. Since this action is being closed, the court will deny Plaintiff's motion for appointment of counsel as moot.

An appropriate order follows.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Judge  
Middle District of Pennsylvania

Dated: August 20, 2025